Córdova Arone, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
Posadas de Puerto Rico Assoc., Inc. y otros recurre ante nos de una resolución del Tribunal de Primera Instancia, Sala Superior de San Juan (Hon. Angel Almodóvar Correa, J.) de 28 de junio de 1996, mediante la cual se declaró sin lugar una moción de desestimación y/o sentencia sumaria de reconvención instada por la parte peticionaria. Luego de evaluar la petición de certiorari, los documentos presentados por las partes y el derecho aplicable, confirmamos la resolución recurrida.
n
El 23 de noviembre de 1994, Posadas de Puerto Rico Assoc., Inc., en adelante la peticionaria, presentó una demanda en cobro de dinero contra el Sr. Dennis Valyano, Jr., en lo sucesivo el recurrido. Según sostiene la peticionaria el recurrido le adeuda al Condado Plaza Hotel & Casino la cantidad de $51,000, por concepto de una alegada deuda de juego adquirida mientras se hospedaba en la mencionada hospedería. Alega la peticionaria que la suma adeudada fue cargada a la tarjeta de crédito American Express del recurrido y que dicha compañía se negó a honrar los mismos. 
El día 21 de marzo de 1996 el recurrido contestó la demanda, negando básicamente todas las alegaciones de la parte peticionaria. Como defensas afirmativas planteó entre otras, que nunca fue debidamente emplazado, que la demanda tal y como está redactada no aduce hechos constitutivos de una causa de acción, y que la parte peticionaria ha realizado actos impropios y sin autorización al presentar al cobro valores. Ese mismo día reconvino contra la peticionaria, alegando en síntesis que ésta mediante treta y engaño, ilegalmente y sin su consentimiento, se apropió y utilizó su tarjeta American Express para generar unos efectos postdatados. De igual forma, arguye el recurrido que la peticionaria incurrió en interferencia contractual al presentar al cobro unos efectos a un tercero, sin autorización por concepto de entretenimiento "entertainment", cuando era de su conocimiento que nada adeudaba por ese concepto. Apéndice de la petición de certiorari, a la página 8.
*687 Así las cosas, el 29 de mayo de 1996 la demandante presentó una moción de desestimación y/o sentencia sumaria. Sostiene en la misma que la reclamación instada en la reconvención está prescrita. El demandado-reconveniente se opuso a dicha solicitud alegando que la causa de acción era una por dolo y fraude, cuyo término prescriptivo era de cuatro (4) años.
Mediante resolución de 28 de junio de 1996 el Tribunal de Primera Instancia declaró no ha lugar la moción de desestimación y/o sentencia sumaria presentada por la peticionaria. 
Inconforme la peticionaria acude ante nos mediante1 solicitud de certiorari alegando como único error lo siguiente:

"Erró el Honorable Tribunal de Primera Instancia al declarar no ha lugar la moción de desestimación y/o sentencia sumaria de la reconvención por prescripción que fuera radicada por la parte demandante-peticionaria."

Oportunamente, el recurrido presentó su oposición en donde además de oponerse a los méritos del mismo, levanta alegaciones de índole jurisdiccional, específicamente sostienen que la peticionaria no cumplió con la Regla 19 (E)(1) de nuestro Reglamento, por lo que en consecuencia este tribunal carece de jurisdicción para expedir el auto solicitado.
Luego de examinar los escritos de las partes estamos en posición de resolver.
Procedemos a considerar en primer término los señalamientos de falta de jurisdicción alegados en el escrito de oposición a la expedición de petición de certiorari. Sostiene el recurrido que este Tribunal carece de jurisdicción para entender en el presente recurso toda vez que dicha petición es defectuosa por incumplir con la Regla 19 (E) (1) del Tribunal de Circuito de Apelaciones. Entendemos no le asiste la razón; véamos.
Cabe señalar que la Regla 19 (E) (1) a la que hace referencia el recurrido en su escrito, no es la Regla vigente al momento de la presentación del recurso, sino la Regla 34 (E) del Reglamento del Tribunal de Circuito de Apelaciones de 1 de mayo de 1996.
Específicamente, la Regla 34 (E) del Reglamento, supra, establece cuáles son los documentos que deberá contener el apéndice de la petición de certiorari.
@Nos dice está regla, en parte:

(b)La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere y la notificación del archivo en autos de copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción del término y reanudación del término para presentar la solicitud de certiorari y la notificación del archivo en autos de copia de la resolución u orden.

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a ésta.

(e)Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Circuito de Apelaciones a los fines de resolver la controversia.

(2) El apéndice sólo contendrá copias de documentos que formen parte del expediente original del Tribunal 
*688
de Primera Instancia. Cuando la parte peticionaria plantee como error la exclusión indebida de alguna prueba, incluirá en un apéndice separado copia de la prueba ofrecida y no admitida.

(3) Todas las páginas del apéndice se numerarán consecutivamente. Los documentos se ordenarán en orden cronológico. Además, el apéndice contendrá un índice que indicará la página en que aparece cada documento."

De acuerdo a la regla transcrita anteriormente, la peticionaria tiene el deber de incluir todos los documentos necesarios para acreditar la interrupción y reanudación de los términos para presentar la solicitud de certiorari, así como cualquier otro necesario para la tramitación del pleito. La inclusión de tales documentos en el apéndice es crucial para garantizar la jurisdicción de este tribunal.
En el presente caso, si bien es cierto que se omitieron algunos documentos en el apéndice, también lo es que se unieron todos los documentos necesarios tanto para demostrar la jurisdicción del tribunal, como para entrar a dilucidar el mismo. No olvidemos que el objeto de la petición es la reconvención y que ésta fue unida al apéndice. Por otro lado, si el recurrido entendía que era necesario incluir cualquier otro documento, pudo haber suplementado el apéndice incluyendo copia de éstos, siempre que los mismos formen parte del expediente del original en el Tribunal de Primera Instancia.
Estos pronunciamientos no implican de forma alguna que avalemos la presentación de peticiones incompletas, por lo contrario exhortamos a las partes velar por que todos los escritos que se presenten cumplan con las disposiciones de nuestro reglamento.
De igual forma, debemos también señalarle a la representación legal del recurrido que al hacer referencia a nuestro Reglamento anterior, cuando debe ser de su conocimiento que los nuevos Reglamentos entraron en vigor el 1 de mayo de 1996, denota un desconocimiento de la práctica apelativa vigente y de las normas aplicables a su caso. Le recordamos que es un deber ineludible de todo abogado familiarizarse con el derecho aplicable a su caso y examinar los reglamentos aplicables a cada situación en particular.
Luego de examinado el recurso y su apéndice, así como lo dispuesto en nuestro Reglamento concluimos que la petición de epígrafe cualifica para ser atendida por este foro mediante recurso de certiorari.
ra
Pasemos ahora a considerar el error alegado por la peticionaria en su petición de certiorari.
En su primer y único señalamiento de error, aduce la peticionaria que incidió el tribunal a quo al no desestimar y/o declarar con lugar la sentencia sumaria presentada contra la reconvención. En apoyo de su contención sostiene, que la causa de acción está prescrita, ya que la reconvención está basada en una acción por interferencia contractual enmarcada en las disposiciones del Artículo 1802 del Código Civil de Puerto Rico, 31 L.P.R.A 5141. A esos efectos el término prescriptivo para este tipo de acción es de un (1) año, a partir de que tuvo conocimiento del daño el que lo sufrió. Arguye que en el presente caso el recurrido conocía de la existencia del alegado daño ya para el 7 de abril de 1994, por lo que para el momento de la presentación de la reconvención, el 21 de marzo de 1996, ya su acción estaba prescrita. Por su parte, las alegaciones del recurrido se circunscriben a la existencia de dolo y fraude en las actuaciones de los peticionarios. Entendemos que el error no se cometió. Veamos.
Conforme dispone el Art. 1221 del Código Civil, 31 L.P.R.A. 3408, hay dolo cuando con palabras insidiosas de parte de uno de los contratantes, es inducido a celebrar un contrato que sin ellas no hubiera hecho. En términos generales, puede decirse que el dolo es también un acto o una serie de actos antijurídicos utilizados por una persona para obtener como resultado que otra emita el consentimiento necesario para la formación del contrato. La nota central del concepto de dolo aplicada al momento de la formación de la voluntad contractual es la insidia. La insidia, característica del dolo, puede resultar de las expresiones que hayan sido proferidas (con palabras) o de los actos que hayan sido realizados (con maquinaciones). 
Ahora bien, a pesar de que la esencia del dolo en la formación del contrato es el engaño logrado mediante el *689 uso de maquinaciones insidiosas, no todo dolo tiene el efecto de viciar el consentimiento prestado, al extremo de lograr la destrucción del contrato. Para que el dolo produzca la nulidad de los contratos deberá ser grave y no haber sido empleado por las partes contratantes. El dolo incidental sólo obliga al que lo empleó, a indemnizar en daños y perjuicios. Artículo 1222 del Código Civil, 31 L.P.R.A. 3409.
Según se desprende del escrito de reconvención, así como del escrito en oposición de la petición de certiorari, los daños sufridos por el recurrido son por las alegadas actuaciones dolosas y fraudulentas de la peticionaria al presentar unos cobros a un tercero (American Express) sin su autorización. Además, sostiene que la peticionaria incurrió en abuso del derecho, falta de buena fe, al utilizar mediante treta y engaño su tarjeta American Express para generar unos efectos postdatados. 
Una vez probados estos hechos sería claro que la normativa a utilizarse es la que dispone el Artículo 1253 del Código Civil, 31 L.P.R.A. 3512 y no el Artículo 1802, supra.
Dispone el Artículo 1253, supra, que:

"La acción de nulidad sólo durará cuatro (4) años. Este tiempo empezará a correr: En los casos de intimidación y violencia, desde el día en que éstas hubieran cesado; En los de errores, o dolo, o falsedad de la causa, desde la consumación del contrato; Cuando la acción se dirija a invalidar contratos hechos por mujer casada, sin licencia o autorización competente, desde el día de la disolución del matrimonio." (Enfasis suplido.)

Es decir, las acciones donde se plantea la nulidad de un contrato por razón de dolo prescriben a los cuatro (4) años. Acosta & Rodas, Inc. v. PRAICO, 112 D.P.R. 583, 620-621 (1982); García López v. Mendy García, 102 D.P.R. 383 (1974); Rivera v. Sucesión Díaz Luzunaris, 70 D.P.R. 181 (1949).
Nótese que de las alegaciones del recurrido surgen expresiones tendentes a establecer que hubo dolo y engaño en las actuaciones de la peticionaria, por lo que indudablemente su acción no ha prescrito. Sin embargo, el dolo debe ser probado; no olvidemos que el dolo como fraude, nunca se presume y quien lo promueva tiene que probarlo cumplidamente. Miranda Soto v. Mena Ero, 109 D.P.R. 473 (1980). Ante tales circunstancias, coincidimos con el foro recurrido en que no procedía desestimar el presente caso por prescripción.
IV
Resta considerar si procedía o no dictar sentencia sumaria en el presente caso.
El mecanismo de sentencia sumaria está regulado por la Regla 36 de Procedimiento Civil, 32 LPRA Ap. III R. 36. El propósito cardinal de dicha regla es promover una solución justa, rápida y económica de la litigación, abreviando la disposición de pleitos que, por no resolver una genuina controversia de hechos, hacen innecesario el juicio en su fondo. Ñeca Mortgage v. A&W Developers, _ D.P.R. _ (1995), 95 J.T.S. 10; Soto v. Hotel Caribe Hilton, _ D.P.R. _, 94 J.T.S. 128; Rivera Santana v. Superior Packaging, Inc., _ D.P.R. _, 92 J.T.S. 165; Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714 (1986).
En Padín v. Rossi, 100 D.P.R. 259, 263 (1971) señaló el Tribunal Supremo que:

"Usada con sabio discernimiento, la sentencia sumaria es un valioso mecanismo procesal para descongelar los calendarios judiciales."

Un tribunal puede dictar sentencia sumariamente si se demuestra que no hay controversia real y sustancial sobre ningún hecho material y como cuestión de derecho procede que se dicte sentencia. Regla 36 de las de Procedimiento Civil, 32 LPRA, Ap. Ill, R. 36.3. Ahora bien, un tribunal no debe disponer de una controversia mediante sentencia sumaria, cuando tenga duda de la existencia de un hecho material. El éxito de una sentencia sumaria está sujeto a que la parte que la solicita, le demuestre mediante prueba documental al tribunal que no hay controversia alguna en cuanto a ningún hecho sustancial. No obstante, es el juzgador quien determinará si existe dicha controversia de hechos sustancial, y de haberla será necesario dirimirla en un juicio y pasar prueba *690 sobre las mismas.
Una vez la parte promovente establece que no hay hechos en controversia, la parte contraria no podrá descansar en sus alegaciones, sino que tiene el deber de refutar los hechos alegados y establecer los hechos en controversia. Mercado Vega v. Universidad de Puerto Rico, _ D.P.R. _ (1991), 91 J.T.S. 41; Fuentes v. Secretario de Hacienda, 85 D.P.R. 495 (1962).
En el caso que nos ocupa la cuestión no necesita mucha elaboración. Con una ligera lectura de las alegaciones sin ambigüedad alguna, se establecen una serie de controversias de hechos que deben ser dilucidados mediante una vista evidenciaría. En este caso existe controversia en cuanto a varios hechos materiales, entre los cuales encontramos: (1) las alegaciones de dolo y fraude, (2) el origen real de los cargos a la tarjeta American Express, (3) la autorización para efectuar dichos cargos y si en efecto se trata de efectos postdatados como alega el demandado-reconveniente, y (4) si el medio utilizado para cobrar la alegada deuda fue el más apropiado en este tipo de situaciones.
Por otro lado, es necesario determinar el tiempo, fecha, concepto y lugar de las alegadas transacciones y si las mismas se relacionan con los demandantes. Todo esto sumado al hecho de que la parte peticionaria en ningún momento incluyó declaraciones juradas, ni ninguna otra prueba contundente que nos permita concluir que lo alegado en la reconvención no presenta controversia alguna en cuanto a los hechos.
Recordemos que el mecanismo de sentencia sumaria sólo procede cuando por evidencia que se acompaña en apoyo de la misma queda demostrado que no hay controversia real sustancial en cuanto a los hechos materiales y que como cuestión de derecho deba dictarse la misma. El proposito de presentar esta prueba es ir más allá de las alegaciones y demostrar al tribunal que aun cuando exista o surja una aparente controversia de las mismas, en realidad tal controversia no existe. 
La sentencia sumaria es un vehículo que las partes pueden utilizar para adelantar o acelerar los pleitos y aliviar la carga judicial. Pero para que se pueda dictar una sentencia sumaria, remedio discrecional extraordinario, tiene que establecerse con claridad la existencia de un derecho. De existir controversia sobre hechos materiales en el litigio el tribunal no podrá dictar una sentencia sumaria. Además, si existe duda sobre la existencia de una controversia de hechos, esta duda debe resolverse a favor de la parte promovida. PFZ Properties v. General Accident Insurance Co., _ D.P.R. _, (1994), 94 J.T.S. 116; Medina v. Merck, Sharp & Dohme Química de Puerto Rico, Inc. _ D.P.R. _, (1994), 94 J.T.S. 52. La ausencia sobre controversia de hechos es la base sobre la cual ha de dictarse una sentencia sumaria. Existiendo controversias de hecho en el caso de autos, la sentencia sumaria no procede.
En todo proceso adjudicativo, sea de naturaleza judicial, administrativo o de cualquier índole, debe prevalecer el propósito de hallar la verdad y hacer justicia a las partes. Las reglas procesales persiguen viabilizar este propósito, no obstaculizarlo. En el caso de las reconvenciones su finalidad primordial es evitar la multiplicidad de litigios estableciendo un mecanismo para dilucidar todas las controversias comunes en una sola acción. No podemos avalar de forma alguna que se impida a una parte demostrar que tiene un remedio, cuando existe duda razonable de hechos justamente presentados en el caso. Más aun cuando, como en el presente caso la parte peticionaria no colocó al tribunal recurrido, ni a este foro en condiciones de determinar que en efecto no existía ninguna controversia sobre los hechos materiales.
Resolvemos que el foro recurrido actuó con corrección al determinar que no procede dictar sentencia sumaria en este caso. Por todo lo cual expedimos el recurso de certiorari solicitado y confirmamos el dictamen del Tribunal de Primera Instancia, Sala de San Juan, de 28 de junio de 1996.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
Aida Iíeana Oquendo Graulau
Secretaria General
*691 ESCOLIOS 96 DTA 168
1. Es importante señalar que no podemos hacer un relato exacto de las alegaciones del peticionario en su demanda, pues la misma no fue incluida en el apéndice de su petición.
2. Dicha resolución fue notificada el 5 de julio de 1996.
3. Vélez Torres, José Ramón, Curso de Derecho Civil: Derecho de Contratos, 1990, Tomo IV, Vol II, página 58.
4. Cabe señalar que en su escrito de reconvención el recurrido identifica a las partes como reconviniente y reconvencionada, cuando la forma correcta de identificar a éstos es reconveniente y reconvenido.
5. Los cargos de la tarjeta del demandado-recurrido fueron hechos una vez éste se fue del Hotel, el 17 de febrero de 1994, ya que alegadamente para entonces el no había satisfecho la deuda. Apéndice de la petición a la página 17.
6. Hernández Colón, Rafael, Manual de Derecho Procesal Civil, segunda edición, 1981, páginas 204-205.
7. Facilitaría inmensamente nuestra labor que los jueces del Tribunal de Primera Instancia, en los casos que así lo amerite, tal como resoluciones donde se deniega una solicitud de sentencia sumaria, hagan determinaciones de hecho y derecho.